IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MOLLY M. WILLIAMS, et al.,

    PLAINTIFFS,

vs.                                      CASE NO. CV 04-J-2209-J

OK TRANSFER & STORAGE, INC.,
et al.,

    DEFENDANTS.

**MEMORANDUM OPINION**

This matter is before the court on the plaintiffs' motion to remand (doc. 7).

Defendants OK Transfer and Douglas A. Hockett removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00 and it is between citizens of different states. Although the defendant Chicago Motor Club is a corporation organized under the laws of Illinois, and plaintiff Molly Williamsn is a resident of Illinois, defendants OK Transfer and Hockett assert this court has jurisdiction because defendant Chicago Motor Club was fraudulently joined.

Defendant OK Transfer asserts defendant Chicago Motor Club was fraudulently joined because under Illinois law, disputes with regard to coverage are subject to arbitration. However, Chicago Motor Club has not raised the issue of arbitration.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party Chicago Motor Club, as alleged by defendant OK Transfer.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440.... In *Tapscott*, 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the

joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

"The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citiation omitted).[1]

The court finds two causes of action are stated against the non-diverse defendant – a claim for uninsured motorists' coverage (Count Eight) and a claim for underinsured motorists' coverage (Count Nine). Whether or not the plaintiff will ultimately prevail on these claims is not before the court on a motion to remand. Rather, the court only considers whether the allegations in the complaint state causes of action, which both counts of the complaint do. Thus, this court must find that the joinder was proper and remand the case to the state court. *See Coker*, 709 F.2d at

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court. Having found that the plaintiff has stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

**DONE** this the __19__ day of August, 2004.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

4